IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL S. TROTTER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 04-1075 T/An |
| | ) |
| SAMANTHA PHILLIPS, et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel Discovery filed on March 30, 2005. For the reasons set forth below, the Motion is **GRANTED** in part.

Plaintiff served Interrogatories and Requests for Production of Documents on Defendants on January 11, 2005. In his motion Plaintiff asks the Court to order Defendants to produce complete responses to the discovery responses, as Plaintiff states that Defendant Smith and Defendant Correctional Medical Services, Inc. ("CMS") responded only in part to Plaintiff's requests and that Defendant Phillips failed to respond to the requests. Plaintiff argues the discovery sought is relevant to the claims and defenses of the case; therefore, Defendants should be required to produce additional discovery to Plaintiff.

Defendant Samantha Phillips responded to the Motion to Compel on April 8, 2005. In her Response Ms. Phillips stated that she did not receive orders from the Court for some period of time, and after learning of this problem, she immediately responded to Plaintiff's discovery requests. Specifically, Ms. Phillips states she responded to the requests on April 8, 2005.

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  5/05/05



Defendants James Smith, M.D. and CMS responded to the Motion to Compel on April 13, 2005. Dr. Smith and CMS claim they sufficiently responded to Plaintiff's discovery requests and that Plaintiff is "simply dissatisfied" with their discovery responses. These defendants argue they should not be required to produce additional discovery.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

After due consideration, the Court concludes that Defendants have provided responses to Plaintiff's discovery requests; however, the Court nevertheless concludes that Plaintiff's Motion to Compel should be **GRANTED** in part. To the extent Defendants have not already done so, Defendants should produce the following to Plaintiff within 11 days of entry of this Order.

1. Any and all policies and procedures that relate to providing medical treatment to inmates at the Northwest Correctional Complex that are relevant to Plaintiff's claims, including

Tennessee Department of Corrections policies and any policies implemented by CMS that might be relevant to Plaintiff's claims;

2. A copy of the contract between the state of Tennessee and CMS to provide medical services at Northwest Correctional Complex, plus any amendments or addendums to the contract; and

3. A complete copy of Plaintiff's medical records for the time period alleged in the Complaint. If, as Plaintiff alleges, there is a transcribed version of Plaintiff's medical records, Defendants shall provide Plaintiff with a copy of the transcribed version. If there is not, then Defendants shall provide Plaintiff with a copy of the medical records kept in the normal course of business.

Besides these materials, Defendants are not required to produce additional responses or documents to Plaintiff. Defendants are reminded that the failure to comply with an Order of the Court can be grounds for the imposition of sanctions.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 65 in case 1:04-CV-01075 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Emmanuel S. Trotter
NWCC-TIPTONVILLE
121642
960 State Route 212
Tiptonville, TN 38079

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Jennifer R. Bailey
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable James Todd
US DISTRICT COURT